# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Joseph Anthony Reyna,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Consolidated Case No. 1:25-cv-02159-ABD-SH** |
| | § | |
| | § | |
| **Walmart Inc.,** | § | |
| *Defendant* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

### TO: THE HONORABLE ANDREW B. DAVIS
### UNITED STATES DISTRICT JUDGE

Now before the Court are Defendant Walmart Inc.'s Motion to Dismiss, filed April 1, 2026 (Dkt. 22); Defendant Walmart Inc.'s Opposed Motion to Strike Plaintiff's First Amended Complaint, filed June 22, 2026 (Dkt. 57); and fifteen motions filed by Plaintiff Joseph Anthony Reyna, proceeding *pro se* (Dkts. 12, 20, 23, 24, 26, 33, 35, 36, 42, 47, 58, 67, 59 in No. 1:25-cv-02159-ABD-SH; Dkts. 25-26 in No. 1:26-cv-01372-ABD-SH).[1]

## I.    Background

Reyna is a vexatious litigant. In addition to this consolidated action, Reyna has filed more than two dozen lawsuits in federal courts across Texas since June 2025.[2] Almost all have been dismissed

---

[1] The Honorable Alan D Albright referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 7. The case was reassigned to the Honorable Andrew Davis on June 1, 2026. Dkt. 46.

[2] *Reyna v. Tex. Dep't of State Health Servs.*, No. 1:25-cv-00871-DAE (W.D. Tex. June 2, 2025); *Reyna v. Spotify Tech. S.A.*, No. 1:25-cv-01023-DAE (W.D. Tex. June 25, 2025); *Reyna v. Da Vita Inc.*, No. 1:25-cv-01028-RP (W.D. Tex. June 27, 2025); *Reyna v. Tex. Med. Liab. Tr.*, No. 1:25-cv-01105-ADA (W.D. Tex. July 15, 2025); *Reyna v. Nelnet, Inc.*, No. 1:25-cv-01107-ADA (W.D. Tex. July 15, 2025); *Reyna v. Tex. Dep't of Transp.*, No. 1:25-CV-01290-DAE (W.D. Tex. Aug. 5, 2025); *Reyna v. Soc. Sec. Admin.*, No. 1:25-CV-01293-ADA (W.D. Tex. Aug. 11, 2025); *Reyna v. Wells Fargo Bank, N.A.*, No. 1:25-

1

for frivolousness, maliciousness, lack of subject matter jurisdiction, or failure to state a claim for relief. After Reyna ignored this Court's multiple warnings to cease his abusive filings, the Honorable Robert Pitman imposed a Pre-Filing Injunction ordering him "**BARRED** from filing future complaints in the Western District of Texas without obtaining prior approval from a district or magistrate judge." *Reyna v. Block, Inc.*, No. 1:25-cv-01402-RP, Dkt. 9 at 1-2 (W.D. Tex. Oct. 30, 2025), *aff'd*, 2026 WL 1388721, at *1 (5th Cir. May 18, 2026). The Honorable Alan D Albright and the Honorable David A. Ezra also imposed pre-filing injunctions against Reyna for abusive filings. *Reyna v. Cap. One Fin. Corp.*, No. 1:25-cv-01498-ADA, Dkt. 9 at 1-2 (W.D. Tex. Nov. 6, 2025); *Reyna v. Spotify Technology S.A.*, No. 1:25-cv-01023-DAE, Dkt. 56 at 9 (W.D. Tex. May 26, 2026). The Fifth Circuit affirmed the Pre-Filing Injunction and warned Reyna that "future frivolous, repetitive, or otherwise abus[iv]e filings can and will result in sanctions by this court, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings here and in any district court subject to this court's jurisdiction." *Reyna v. Block, Inc.*, 2026 WL 1388721, at *3 (5th Cir. May 18, 2026).[3]

---

cv-01356-RP (W.D. Tex. Aug. 21, 2025); *Reyna v. Exxon Mobile [sic] Corp.*, No. 1:25-cv-00194-RO (S.D. Tex. Sept. 3, 2025); *Reyna v. Capital One Fin. Corp.*, No. 1:25-cv-01498-ADA (W.D. Tex. Sept. 11, 2025); *Reyna v. Twitch Interactive, Inc.*, No. 1:25-cv-01504-RP (W.D. Tex. Sept. 11, 2025); *Reyna v. BREIT Steadfast MF Fairmarc TX LP*, No. 1:25-cv-01608-RP (W.D. Tex. Oct. 1, 2025); *Reyna v. Nelson*, No. 1:25-cv-01676-ADA (W.D. Tex. Oct. 14, 2025); *Reyna v. Space Expl. Techs. Corp.*, No. 1:25-cv-00250 (S.D. Tex. Nov. 3, 2025); *Reyna v. Plantir Techs., Inc.*, No. 1:25-cv-00278 (S.D. Tex. Nov. 17, 2025); *Reyna v. Meta Platforms Inc.*, No. 3:25-cv-3562-N-BK (N.D. Tex. Dec. 30, 2025); *Reyna v. Apple Inc.*, No. 2:25-cv-1131-JRG-RSP (E.D. Tex. Nov. 18, 2025); *Reyna v. Live Nation Ent., Inc.*, No. 2:25-cv-1179-JRG-RSP (E.D. Tex. Dec. 1, 2025); *Reyna v. Microsoft Corp.*, No. 3:25-mc-92-L (N.D. Tex. Dec. 30, 2025); *Reyna v. U.S. Dep't of Educ.*, No. 3:26-cv-232-S-BN (N.D. Tex. Jan. 29, 2026); *Reyna v. Mortimer Prod. Co.*, No. 7:26-cv-232 (S.D. Tex. Jan. 27, 2026); *Reyna v. X Corp.*, No. 4:26 CV-107-O (N.D. Tex. Feb. 2, 2026); *Reyna v. Fenix Int'l. Ltd.*, No. 1:26-cv-00962-RP (W.D. Tex. April 16, 2026) (transferred from the Eastern District of New York); *Reyna v. Paxton*, No. 1:26-cv-01372-ABD-SH (W.D. Tex. May 22, 2026).

[3] The Northern District of Texas also barred Reyna from filing any future actions (including removed and transferred cases) without paying the filing fee and receiving leave of court. *Reyna v. Meta Platforms Inc.*, No. 3:25-cv-3562-N-BK, 2026 WL 569037, at *2 (N.D. Tex. Jan. 26, 2026).

In an apparent attempt to avoid this Court's pre-filing injunctions, Reyna filed this employment discrimination suit against Defendant Walmart, Inc. in the Southern District of New York on December 18, 2025. Dkt. 1 ("*Reyna I*"). The Southern District of New York was not the appropriate venue because it has no connection to the parties or the claims, which allegedly arose in this District. Five days after filing *Reyna I*, Reyna filed a similar suit against Walmart in Travis County state district court. *Reyna v. Walmart*, Case No. D-1-GN-25-011074 (201st Dist. Ct. Travis County, Tex. Dec. 23, 2025) ("*Reyna II*"). After the Southern District of New York transferred *Reyna I* to this Court and Walmart removed *Reyna II*, the Honorable Andrew Davis consolidated *Reyna I* and *Reyna II* under Rule 42(a). Dkt. 24.

Walmart now moves to dismiss under Rules 41(b) and 12(b)(6). Dkt. 22. Reyna opposes the motion and brings a litany of frivolous and duplicative motions and notices in response.

## II.    Analysis

Walmart moves to dismiss under Rule 41(b) for failure to comply with the Pre-Filing Injunction and under Rule 12(b)(6) for failure to state a plausible claim for relief.

### A.    Failure to Comply with Pre-Filing Injunction

Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Walmart argues that the Court should dismiss this case under Rule 41(b) because Reyna violated the Pre-Filing Injunction by failing to receive prior approval from a district or magistrate judge in the Western District of Texas before filing *Reyna I* and *Reyna II*.

The Pre-Filing Injunction bars Reyna from "filing future complaints in the Western District of Texas without obtaining prior approval from a district or magistrate judge." Dkt. 9 at 1-2 in No. 1:25-cv-01498-ADA. The Court finds that it applies to transferred and removed cases. *See*

Text Order entered April 21, 2026 in *Reyna v. Fenix Int'l. Ltd.*, No. 1:26-cv-00962-RP (W.D. Tex.) (stating that the injunction against Reyna "applies to transferred cases"); *Montez v. FBI*, No. SA-23-CV-1494-JKP, 2023 WL 8813565, at *1 (W.D. Tex. Dec. 20, 2023) (holding that pre-filing injunction barring vexatious litigant "from filing civil suits in the Western District of Texas without first obtaining permission from a judge of the Western District" applied equally to transferred and removed actions). "To find otherwise would defeat the purpose of the sanction." 2023 WL 8813565, at *1.

Reyna has violated the Pre-Filing Injunction by filing *Reyna I* and *Reyna II*. Accordingly, this Magistrate Judge recommends that this action should be dismissed under Rule 41(b).

**B.  Dismissal Under 28 U.S.C. § 1915(e)**

Reyna was granted *in forma pauperis* status under 28 U.S.C. § 1915(a)(1) based on his financial status. Dkt. 8. A court's determination whether a party may proceed *in forma pauperis* "must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). While this Magistrate Judge found on initial screening under § 1915 that Reyna's claims did not appear to be "wholly frivolous" at that time, Dkt. 8 at 3, the statute provides that "the court shall dismiss the case at any time" if the court determines that the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(i). Reyna's suit is malicious because it violates the Court's Pre-Filing Injunction. This suit also is subject to dismissal under § 1915(e)(2)(i).

**C.  Dismissal Under Rule 12(b)(6)**

Walmart also moves to dismiss under Rule 12(b)(6) for failure to state a plausible claim for relief. To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). But "conclusory allegations, unwarranted

4

factual inferences, or legal conclusions are not accepted as true." *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Reyna alleges that he worked at Walmart store #1129 from December 24, 2024 until he was terminated on May 26, 2025. Dkt. 1 ¶¶ 14-15. He alleges: "This action arises from Walmart's patterned retaliation, benefit-access manipulation, and institutional obstruction following Plaintiff's protected activities, including disability-related disclosures, internal safety/compliance reporting, and multi-agency and multi-state reporting." *Id.* ¶ 1. Reyna asserts claims against Walmart for (1) disability discrimination and failure to accommodate under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112; (2) retaliation under the ADA, 42 U.S.C. § 12203; (3) interference with his rights under the Employment Retirement Insurance Security Act ("ERISA"), 29 U.S.C. § 1140; (4) violation of ERISA disclosure requirements, 29 U.S.C. § 1132; and (5) state law statutory and common law tort claims.

### 1. ADA Claims

To establish a *prima facie* claim of discrimination under the ADA, a plaintiff must show that he (1) has a disability or was regarded as disabled; (2) was qualified for the job; and (3) was subject to an adverse employment decision on account of his disability. *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014). Reyna alleges that "Defendant discriminated against Plaintiff on the basis of disability and failed to provide reasonable accommodation, resulting in adverse employment actions, loss of employment, and compensable damages." Dkt 1 ¶ 84. He does not state a plausible ADA discrimination claim because he fails to allege sufficient facts that he was qualified for the job or subject to an adverse employment action because of his purported disability. *LHC Grp.,* 773 F.3d at 697.

To allege a plausible failure-to-accommodate claim under the ADA, a plaintiff must allege that (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations. *Feist v. La., Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013). Reyna does not allege sufficient facts for any of these elements.

To state a plausible retaliation claim under the ADA, Reyna must sufficiently allege that (1) he engaged in activity protected by the relevant statute; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse employment action. *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020). Reyna alleges that "Defendant retaliated against Plaintiff for engaging in protected activity related to disability rights, accommodation requests, and opposition to unlawful practices, causing Plaintiff harm." Dkt. 1 ¶ 86. These conclusory allegations do not show that Reyna engaged in protected activity under the ADA or a causal link between the protected activity and the adverse employment action.

### 2.  ERISA Claims

To establish a *prima facie* case of discrimination under ERISA, a plaintiff must show that his employer fired him in retaliation for exercising an ERISA right or to prevent attainment of benefits to which he would have become entitled under an employee benefit plan. *Holtzclaw v. DSC Commc'ns. Corp.*, 255 F.3d 254, 260 (5th Cir. 2001). An essential element of such a claim is proof of defendant's specific discriminatory intent. *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 423 (5th Cir. 2007).

Reyna alleges: "Defendant interfered with Plaintiff's attainment and exercise of rights under an employee benefit plan by obstructing access to elections, disclosures, and plan information." Dkt. 1 ¶ 88. He does not state a plausible claim because he alleges no facts showing that Walmart

took any adverse employment action against him for exercising his rights under ERISA. *Holtzclaw*, 255 F.3d at 260.

Reyna also alleges that Walmart violated ERISA's disclosure requirements under 29 U.S.C. § 1132(c)(1) by failing to "timely furnish required plan documents and disclosures upon request, entitling Plaintiff to statutory penalties and equitable relief." Dkt. 1 ¶ 99. Section 1132(c)(1) "requires the plan administrator to, among other things, timely comply with a participant or beneficiary's request for specified types of information." *Hanson v. Wilcox Veterinary Clinic PLLC*, 596 F. Supp. 3d 742, 747 (E.D. Tex. 2021). Reyna's conclusory allegations do not state a plausible ERISA disclosure claim because he fails to allege sufficient facts showing that Walmart was the plan administrator or that he was denied any records. Walmart points out that it was not the plan administrator and that Reyna's own allegations show he received the requested documents in November 2025. Dkt. 1 ¶ 36. For these reasons, this Magistrate Judge finds that Reyna fails to allege a plausible ERISA violation.

The Court recommends dismissing Reyna's ADA and ERISA claims under Rule 12(b)(6) because he does not state a plausible claim for relief.

### 3. State Law Claims

Reyna also asserts several state law claims. A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). The court has wide discretion to dismiss state law claims when the federal claims to which they are pendent are dismissed. *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998); *Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.").

All Reyna's federal claims are subject to dismissal under Rule 12(b)(6) for failure to state a plausible claim for relief. This Magistrate Judge recommends that the Honorable Andrew Davis decline to exercise pendent jurisdiction over Reyna's state law claims and dismiss those claims for lack of subject matter jurisdiction.

### D.  Remaining Motions

Because this Magistrate Judge finds that Reyna's suit violates the Pre-Filing Injunction and should be dismissed on multiple grounds, the Court dismisses his thirteen non-dispositive motions and recommends that the District Court dismiss his two dispositive motions.

### E.  Pre-Filing Injunction

Reyna has engaged in a practice of filing suits in state and other federal courts to avoid this Court's Pre-Filing Injunction. Therefore, the Court recommends amending the Pre-Filing Injunction to specifically state that he is barred from proceeding as a plaintiff in this Court, including in removed and transferred cases, without prior leave.

### III.    Order

This Magistrate Judge **DISMISSES** Plaintiff's non-dispositive motions: Dkts. 12, 20, 23, 24, 26, 33, 35, 36, 42, 47, 67, 69 in No. 1:25-cv-02159-ABD-SH and Dkt. 26 in No. 1:26-cv-01400-ABD-SH.

### IV.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant Walmart Inc.'s Motion to Dismiss (Dkt. 22) and **DISMISS** Reyna's federal claims with prejudice and his state law claims for lack of subject matter jurisdiction. This Magistrate Judge also recommends that the District Court dismiss Reyna's dispositive motions: Dkt. 58 in No. 1:25-cv-02159-ABD-SH and Dkt. 25 in No. 1:26-cv-01400-ABD-SH.

This Magistrate Judge **FURTHER RECOMMENDS** that that the District Court amend the Pre-Filing Injunction to state: "Plaintiff Joseph Anthony Reyna is **BARRED** from proceeding as a plaintiff in this Court—including in removed and transferred cases—without obtaining prior approval from a district or magistrate judge."

It is **ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Andrew Davis.

### V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 2, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

9