**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Joseph Anthony Reyna,** *Plaintiff* | § | |
| | § | |
| **v.** | § | **Consolidated Case No. 1:25-cv-02159-ABD-SH** |
| | § | |
| **Walmart Inc.,** *Defendant* | § | |

**AMENDED ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE ANDREW B. DAVIS**
**UNITED STATES DISTRICT JUDGE**

Now before the Court are:

- Defendant's Motion to Dismiss, filed April 1, 2026 (Dkt. 22);
- Defendant's Motion to Strike Plaintiff's First Amended Complaint, filed June 22, 2026 (Dkt. 57);
- Defendant's Motion to Dismiss Plaintiff's Non-Remanded Claims from *Reyna II*, filed July 7, 2026 (Dkt. 83);
- Plaintiff's Motion for Declaratory Judgment on Liability, filed June 22, 2026 (Dkt. 25 in 1:26-cv-01372-ABD);
- Plaintiff's Motion for Preliminary Injunction, filed June 22, 2026 (Dkt. 58);

and the associated response and reply briefs.[1]

## I. Background

*Pro se* Plaintiff Joseph Anthony Reyna is a vexatious litigant. In addition to this consolidated action, Reyna has filed more than two dozen lawsuits in federal courts across Texas since

[1] The Honorable Alan D Albright (ret.) referred this case to this Magistrate Judge on December 30, 2025. Dkt. 7. The case was reassigned to the Honorable Andrew Davis on June 1, 2026. Dkt. 46. Judge Davis referred the consolidated action to this Magistrate Judge for all pretrial matters pursuant to 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and Appendix C of the Western District of Texas Local Rules. Dkt. 89.

June 2025.[2] Almost all have been dismissed for frivolousness, maliciousness, lack of subject matter jurisdiction, or failure to state a claim for relief. After Reyna ignored this Court's multiple warnings to cease his abusive filings, the Honorable Robert Pitman imposed a Pre-Filing Injunction ordering him "**BARRED** from filing future complaints in the Western District of Texas without obtaining prior approval from a district or magistrate judge." *Reyna v. Block, Inc.*, No. 1:25-cv-01402-RP, Dkt. 9 at 1-2 (W.D. Tex. Oct. 30, 2025), *aff'd*, 2026 WL 1388721, at *1 (5th Cir. May 18, 2026). The Honorable Alan D Albright (ret.) and the Honorable David A. Ezra also imposed pre-filing injunctions against Reyna for abusive filings. *Reyna v. Cap. One Fin. Corp.*, No. 1:25-cv-01498-ADA, Dkt. 9 at 1-2 (W.D. Tex. Nov. 6, 2025); *Reyna v. Spotify Technology S.A.*, No. 1:25-cv-01023-DAE, Dkt. 56 at 9 (W.D. Tex. May 26, 2026).

The Fifth Circuit affirmed the Pre-Filing Injunction and warned Reyna that "future frivolous, repetitive, or otherwise abus[iv]e filings can and will result in sanctions by this court, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings here and in

---

[2] *Reyna v. Tex. Dep't of State Health Servs.*, No. 1:25-cv-00871-DAE (W.D. Tex. June 2, 2025); *Reyna v. Spotify Tech. S.A.*, No. 1:25-cv-01023-DAE (W.D. Tex. June 25, 2025); *Reyna v. Da Vita Inc.*, No. 1:25-cv-01028-RP (W.D. Tex. June 27, 2025); *Reyna v. Tex. Med. Liab. Tr.*, No. 1:25-cv-01105-ADA (W.D. Tex. July 15, 2025); *Reyna v. Nelnet, Inc.*, No. 1:25-cv-01107-ADA (W.D. Tex. July 15, 2025); *Reyna v. Tex. Dep't of Transp.*, No. 1:25-CV-01290-DAE (W.D. Tex. Aug. 5, 2025); *Reyna v. Soc. Sec. Admin.*, No. 1:25-CV-01293-ADA (W.D. Tex. Aug. 11, 2025); *Reyna v. Wells Fargo Bank, N.A.*, No. 1:25-cv-01356-RP (W.D. Tex. Aug. 21, 2025); *Reyna v. Exxon Mobile [sic] Corp.*, No. 1:25-cv-00194-RO (S.D. Tex. Sept. 3, 2025); *Reyna v. Capital One Fin. Corp.*, No. 1:25-cv-01498-ADA (W.D. Tex. Sept. 11, 2025); *Reyna v. Twitch Interactive, Inc.*, No. 1:25-cv-01504-RP (W.D. Tex. Sept. 11, 2025); *Reyna v. BREIT Steadfast MF Fairmarc TX L.P.*, No. 1:25-cv-01608-RP (W.D. Tex. Oct. 1, 2025); *Reyna v. Nelson*, No. 1:25-cv-01676-ADA (W.D. Tex. Oct. 14, 2025); *Reyna v. Space Expl. Techs. Corp.*, No. 1:25-cv-00250 (S.D. Tex. Nov. 3, 2025); *Reyna v. Plantir Techs., Inc.*, No. 1:25-cv-00278 (S.D. Tex. Nov. 17, 2025); *Reyna v. Meta Platforms Inc.*, No. 3:25-cv-3562-N-BK (N.D. Tex. Dec. 30, 2025); *Reyna v. Apple Inc.*, No. 2:25-cv-1131-JRG-RSP (E.D. Tex. Nov. 18, 2025); *Reyna v. Live Nation Ent., Inc.*, No. 2:25-cv-1179-JRG-RSP (E.D. Tex. Dec. 1, 2025); *Reyna v. Microsoft Corp.*, No. 3:25-mc-92-L (N.D. Tex. Dec. 30, 2025); *Reyna v. U.S. Dep't of Educ.*, No. 3:26-cv-232-S-BN (N.D. Tex. Jan. 29, 2026); *Reyna v. Mortimer Prod. Co.*, No. 7:26-cv-232 (S.D. Tex. Jan. 27, 2026); *Reyna v. X Corp.*, No. 4:26 CV-107-O (N.D. Tex. Feb. 2, 2026); *Reyna v. Fenix Int'l. Ltd.*, No. 1:26-cv-00962-RP (W.D. Tex. April 16, 2026); *Reyna v. Paxton*, No. 1:26-cv-01372-ABD-SH (W.D. Tex. May 22, 2026).

any district court subject to this court's jurisdiction." *Reyna v. Block, Inc.*, 2026 WL 1388721, at *3 (5th Cir. May 18, 2026).[3]

In an apparent attempt to avoid this Court's pre-filing injunctions, Reyna filed this wrongful termination suit against his former employer, Defendant Walmart, Inc., in the Southern District of New York on December 18, 2025. Dkt. 1 ("*Reyna I*").[4] Reyna alleges that he worked at a Walmart store in Austin, Texas, from December 24, 2024, until his termination on May 26, 2025. Complaint, Dkt. 1 ¶ 14.[5] Reyna alleges that he was wrongfully terminated in retaliation for having complained about unsafe workplace practices, vendor fraud, and "disability-related disclosures," and asserts numerous federal and state claims. *Id.* ¶ 1. The Southern District of New York transferred *Reyna I* to this Court on December 19, 2026, because the claims arose in this District. Dkt. 5.

Five days after filing *Reyna I*, Reyna filed a similar suit against Walmart in state court in Travis County, Texas, alleging the same facts but asserting only state claims. *Reyna v. Walmart*, No. D-1-GN-25-011074 (201st Dist. Ct. Travis County, Tex. Dec. 23, 2025); 1:26-cv-01400-ABD at Dkt. 1-2 at 152-171 ("*Reyna II*"). Walmart removed *Reyna II* to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *Reyna II*, Dkt. 1.[6]

---

[3] The Northern District of Texas also barred Reyna from filing any future actions (including removed and transferred cases) without paying the filing fee and receiving leave of court. *Reyna v. Meta Platforms Inc.*, No. 3:25-cv-3562-N-BK, 2026 WL 569037, at *2 (N.D. Tex. Jan. 26, 2026).

[4] Unless otherwise noted, the docket numbers in this Report and Recommendation refer to the filings in the lead case, No. 1:25-cv-02159-ABD-SH ("*Reyna I*").

[5] Reyna alleges that he also worked at other Texas Walmart stores between 2012 to 2014 (Corpus Christi) and in 2022 (San Antonio). Dkt. 1-2 at 155 in 1:26-cv-01400-ABD.

[6] On June 23, 2026, Reyna filed a third employment discrimination suit against Walmart in the Western District of Arkansas based on the same allegations. *Reyna v. Walmart, Inc.*, No. 5:26-cv-05151-DCF (W.D. Ark. June 23, 2026). Walmart's motion to dismiss or transfer in the alternative is pending.

Judge Davis consolidated *Reyna I* and *Reyna II* under Rule 42(a) on June 23, 2026. Dkt. 24. Before consolidation, Walmart moved to dismiss *Reyna I* under Rule 41(b) for Reyna's violation of the Pre-Filing Injunction and under Rule 12(b)(6) for failure to state a plausible claim for relief. Dkt. 22. This Magistrate Judge issued an Order and Report and Recommendation on July 2, 2026, recommending (1) dismissal of the consolidated action under Rule 41(b) based on the Pre-Filing Injunction; (2) dismissal of Reyna's ADA and ERISA claims in *Reyna I* for failure to state a plausible claim for relief; and that (3) Judge Davis should decline to exercise pendent jurisdiction over Reyna's state-law claims. *Id.* at 5-8. Because of Reyna's malicious filings, the Court also stayed the case and ordered Reyna to obtain leave of Court before filing any future motions. Dkt. 74. The Report and Recommendation remains pending. Dkt. 79.

On July 7, 2026, Walmart moved to dismiss all pending claims in *Reyna II* based on the Pre-Filing Injunction and for failure to state a plausible claim for relief. Dkt. 83. Reyna moved for leave to respond, which was granted (Dkt. 90), but did not file a response by the September 25, 2026 deadline and still has not done so.

This Magistrate Judge now issues this Amended Order and Report and Recommendation to address the merits of all claims asserted in this consolidated action and to clarify its previous Order and Report and Recommendation.

## II. Analysis

Walmart moves to dismiss Reyna's claims under Rule 41(a) for failure to comply with the Pre-Filing Injunction and, in the alternative, for failure to state a plausible claim for relief under Rule 12(b)(6).

**A. Failure to Comply with the Pre-Filing Injunction**

Rule 41(b) provides that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b) also authorizes "the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). "This power clearly extends to a plaintiff's failure to comply with a pre-filing injunction." *Balistreri-Amrhein v. Rhoades*, No. 4:23-cv-861-SDJ-KPJ, 2024 WL 3506716, at *1 (E.D. Tex. May 22, 2024) (collecting cases), *R. & R. adopted*, 2024 WL 3498237 (E.D. Tex. July 20, 2024).

A dismissal under Rule 41(b) may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). While lesser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, a Rule 41(b) dismissal with prejudice is appropriate where there is a "clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (citation omitted). "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991). A district court may bar a vexatious litigant from filing future complaints unless he seeks the prior approval of a district or magistrate judge. *Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994).

The Pre-Filing Injunction bars Reyna from "filing future complaints in the Western District of Texas without obtaining prior approval from a district or magistrate judge." Dkt. 9 in No. 1:25-cv-01498-ADA. It applies to transferred and removed cases. Text Order entered April 21, 2026 in *Reyna v. Fenix Int'l. Ltd.*, No. 1:26-cv-00962-RP (W.D. Tex.) (stating that the injunction against Reyna "applies to transferred cases"). "To find otherwise would defeat the purpose of the

sanction." *Montez v. FBI*, No. SA-23-CV-1494-JKP, 2023 WL 8813565, at *1 (W.D. Tex. Dec. 20, 2023) (holding that pre-filing injunction barring vexatious litigant "from filing civil suits in the Western District of Texas without first obtaining permission from a judge of the Western District" applied equally to transferred and removed actions).

Because Reyna has violated the Pre-Filing Injunction by filing *Reyna I* and *Reyna II*, his case is subject to dismissal under Rule 41(b). *See Balistreri-Amrhein*, 2026 WL 2332570, at *1 ("Plaintiff's failure to comply with the Order of the Northern District of Texas alone is sufficient to justify dismissal of Plaintiff's case."). Because there is a clear record of "contumacious conduct by the plaintiff," this Magistrate Judge recommends that the dismissal under Rule 41(b) should be with prejudice. *Bryson*, 553 F.3d at 403.

**B. Failure to State a Plausible Claim for Relief**

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up).

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth

in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). When a defendant attaches documents to its motion that are referred to in the complaint and are central to the plaintiff's claims, the court also may consider those documents. *Id.*

The Court finds that each of Reyna's claims also should be dismissed under Rule 12(b)(6).

**1. Disability Discrimination**

First, Reyna asserts claims for disability discrimination and retaliation under the Americans with Disabilities Act ("ADA") and Texas Commission on Human Rights Act ("TCHRA"). He alleges that he was diagnosed with "Attention Deficit Disorder (ADD/ADHD) prior to his 2022 employment at Walmart's San Antonio location." Dkt. 23 at 10. He alleges that Walmart discriminated against him "on the basis of disability and failed to provide reasonable accommodation" in violation of the ADA and TCHRA. Dkt. 1 ¶ 84; *Reyna II*, at Dkt. 1-2 at 159.

To allege disability discrimination under the ADA or the TCHRA,[7] Reyna must allege that he (1) has a disability or was regarded as disabled; (2) was qualified for the job; and (3) was subject to an adverse employment decision on account of his disability. *Caldwell v. KHOU-TV*, 850 F.3d 237, 241 (5th Cir. 2017). To state a failure to accommodate claim under the ADA, Reyna must allege: (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known to Walmart; and (3) Walmart failed to make reasonable accommodations for such known limitations. *Amedee v. Shell Chem., L.P.*, 953 F.3d 831, 837 (5th Cir. 2020). To

[7] Because the TCHRA parallels the language of the ADA, Texas courts follow ADA law in evaluating TCHRA discrimination claims. *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 578 n.16 (5th Cir. 2020). The same analysis thus applies to both Reyna's ADA and TCHRA claims. *Id.*

show a failure to accommodate, Reyna must demonstrate that he actually had a disability, not just that he was regarded as disabled. *Id.* at 838.

Walmart argues that both of Reyna's discrimination claims fail because he does not allege facts showing that he suffers from a qualifying disability under the ADA or that Walmart regarded him as disabled. Walmart also argues that Reyna's failure to accommodate claim must be dismissed because he does not allege that he ever asked for an accommodation.

The ADA defines a disability as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). "Major life activities" include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). To be "substantially limited" means "to be unable to perform a major life activity that the average person in the general population can perform, or to be significantly restricted in the ability to perform it." *Id.* § 1630.2(j).

Reyna alleges that he suffers from a qualifying disability because he was diagnosed with ADD/ADHD "prior to his 2022 employment." Dkt. 23 at 10. ADD/ADHD can qualify as a disability under the ADA if it substantially limits a major life activity. *Lewis v. D.B.I. Servs.*, 397 F. Supp. 3d 902, 904 (W.D. Tex. 2019). To plausibly allege a disability under the ADA, however, Reyna "must allege that he (1) has a mental or physical impairment that (2) substantially limits (3) a major life activity." *Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011). Reyna does not plausibly allege a qualifying disability because he identifies no impairment from his ADD/ADHD or how any impairment substantially limited a major life activity. *See Hale*, 642 F.3d at 501 ("Absent allegations that [plaintiff's] ailments substantially limited him in the performance of a major life activity, [plaintiff] has failed to state a claim for relief under subsection A of the ADA's definition

of disability."); *Brown v. Bd. of Trs. Sealy Indep. Sch. Dist.*, 871 F. Supp. 2d 581, 606 (S.D. Tex. 2012) (dismissing ADA claim when plaintiff failed to allege that her ADHD substantially limited a major life activity).

In the alternative, Reyna argues that Walmart "regarded him" as disabled. To show that Walmart regarded him as disabled, Reyna must show either that (1) Walmart mistakenly believed that he had "a physical impairment that substantially limits one or more major life activities," or (2) Walmart mistakenly believed "that an actual, nonlimiting impairment substantially limit[ed] one or more major life activities." *Hale*, 642 F.3d at 502. Reyna argues that Walmart regarded him as disabled because during his 2022 employment with Walmart in San Antonio, "Walmart's pharmacy dispensed Plaintiff's ADD/ADHD medication" and therefore "Walmart had actual and constructive knowledge of Plaintiff's disability before the December 22, 2024 rehire." *Reyna II*, Dkt. 1-2 at 155.

Filling an ADD/ADHD prescription at a Walmart store on one occasion does not show Walmart perceived Reyna as being disabled under the ADA. Even if his alleged ADD/ADHD diagnosis could be imputed to Walmart based on this one occurrence, it does not show that Walmart regarded him as suffering from "a physical impairment that substantially limits one or more major life activities." *Hale*, 642 F.3d at 502 (finding that plaintiff failed to allege that he was regarded as disabled under the ADA where he did not allege that defendant perceived his impairments as substantially limiting him in one or more major life activities); *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 164 (5th Cir. 1996)("[I]t is incumbent upon the ADA plaintiff to assert not only a disability, but also any limitation resulting therefrom."). Reyna does not state plausible claims for discrimination or failure to accommodate because he does not show that he was disabled or regarded as disabled under the ADA.

Reyna also does not allege a plausible claim for failure to accommodate because he concedes that he never asked Walmart for any accommodation. "If the employee fails to request an accommodation, the employer cannot be held liable for failing to provide one." *Taylor*, 93 F.3d at 165.

**2. Retaliation Based on Disability**

Reyna also alleges that Walmart retaliated against him in violation of the ADA and TCHRA "for engaging in protected activity related to disability rights, accommodation requests, and opposition to unlawful practices, causing Plaintiff harm." Dkt. 1 ¶ 86.

To allege unlawful retaliation under the ADA or TCHRA, Reyna must allege that he (1) engaged in an activity protected by the statute and (2) suffered an adverse employment action, and that (3) there is a causal connection between the protected activity and the adverse action. *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020); *Tex. Dep't of Fam. & Protective Servs. v. Whitman*, 530 S.W.3d 703, 714 (Tex. App.—Eastland 2016, no pet.). Engaging in a protected activity requires complaining of some discrimination covered by the ADA or TCHRA. *Spinks v. Trugreen Landcare, L.L.C.*, 322 F. Supp. 2d 784, 796 (S.D. Tex. 2004). Protected activity under the ADA includes opposing any practice of disability discrimination or making a charge of disability discrimination. *Way v. City of Missouri*, 133 F.4th 509, 522 (5th Cir. 2025). Protected activity under the TCHRA includes complaining about discrimination based on race, color, disability, religion sex, national origin, or age. *Whitman*, 530 S.W.3d at 714. "A vague charge of discrimination will not invoke protection under the statute. Consequently, a plaintiff must show that she complained about harassment or discrimination based on race, color, disability, religion, sex, national origin, or age for the complaint to qualify as a protected activity for the purpose of establishing a prima facie case of retaliation." *Id.*

Reyna contends that he engaged in protected activity when he requested ADA accommodations and filed an internal ethics report on January 4, 2025, which identified "a financial control vulnerability that was causing inventory discrepancies and shareholder losses." Dkt. 23 at 11. The alleged ethics complaint does not qualify as protected activity under the ADA or the TCHRA because Reyna does not allege that he complained about disability discrimination or any other form of discrimination. *Whitman*, 530 S.W.3d at 714. "The ADA is not a catchall statute creating a cause of action for any workplace retaliation, but protects individuals only from retaliation for engaging in, or aiding another who engages in, activity covered by the ADA." *Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014). "Even the reporting of clear workplace misconduct does not amount to protected activity under the TCHRA if it does not fall within those categories." *Hernandez v. Comprehensive Health Servs.*, No. 1:21-CV-127, 2022 WL 2784486, at *8 (S.D. Tex. Feb. 14, 2022), *R. & R. adopted*, 2022 WL 2045624 (S.D. Tex. June 7, 2022).

While requesting accommodations for a disability can qualify as protected activity under the ADA or TCHRA,[8] Reyna concedes that he never made such a request. Dkt. 23 at 11. Accordingly, he does not allege a plausible retaliation claim. *Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 488 (5th Cir. 2023).

**3. *Sabine Pilot* Wrongful Discharge**

Next, Reyna asserts a *Sabine Pilot* wrongful discharge claim. He alleges that he was terminated a few days after he refused an assignment "involving DEA-regulated materials in conditions he reasonably believed posed a risk of bodily harm due to inadequate personal protective equipment and unsafe heat exposure." *Reyna II*, Dkt. 1-2 at 157. He alleges that the same day he refused to accept the assignment, "supervisors logged retaliatory attendance notations against Plaintiff's

[8] *Way v. City of Missouri City*, 133 F.4th 509, 522 (5th Cir. 2025).

employment records" and that "[t]hose notations fed directly into the May 26 termination decision." *Id.*

In *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985), the Texas Supreme Court "recognized a narrow exception to the at-will employment doctrine allowing employees to sue their employers if they are discharged 'for the sole reason that the employee refused to perform an illegal act.'" *Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 659 (Tex. 2012) (quoting *Sabine Pilot*, 687 S.W.2d at 735). To state a prima facie case of wrongful termination under *Sabine Pilot*, the plaintiff must allege that "(1) she was required to commit an illegal act which carries criminal penalties; (2) she refused to engage in the illegality; (3) she was discharged; (4) the sole reason for her discharge was her refusal to commit an unlawful act." *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003).

Reyna's allegations do not sufficiently allege the first and fourth elements. He does not explain how handling DEA-regulated materials constituted "an illegal act which carries criminal penalties." *See Marren v. Stout*, 930 F. Supp. 2d 675, 681 n.2 (W.D. Tex. 2013) ("[I]n order for Plaintiff to prevail on a *Sabine Pilot* claim, a court would have to find that she refused to commit an act that would actually have subjected her to criminal penalties."). Reyna also does not allege that his refusal to perform the assignment was the "sole reason" that he was terminated. Instead, he alleges that he was terminated for multiple reasons, including his alleged disability, filing the ethics report, and retaliatory "attendance notations" in his employment record. *See Liguori v. Komico Tech., Inc.*, No. 1:26-CV-505-RP, 2026 WL 2446796, at *4 (W.D. Tex. Aug. 18, 2026) (dismissing *Sabine Pilot* claim where plaintiff failed to plead that "his termination was solely caused by his refusal to perform an illegal act"); *Walker v. Performance Food Grp., Inc.*, No. 1:25-

CV-469-ADA-SH, 2025 WL 2740404, at *3 (W.D. Tex. Aug. 29, 2025) (same), *R. & R. adopted*, 2025 WL 2735610 (W.D. Tex. Sept. 25, 2025).

**4. Common Law Whistleblower Retaliation**

Reyna asserts a Texas common law whistleblower retaliation claim against Walmart, alleging that he was terminated more than four months after he filed the ethics complaint. *Reyna II*, Dkt. 1-2 at 161. This claim fails because there is no recognized common law whistleblower retaliation cause of action under Texas law. *Ed Rachal Found. v. D'Unger*, 207 S.W.3d 330, 331 (Tex. 2006).

**5. ERISA**

Reyna alleges that Walmart interfered with his "attainment and exercise of rights under an employee benefit plan by obstructing access to elections, disclosures, and plan information." Dkt. 1 ¶ 88. He asserts a claim for Employee Retirement Income Security Act ("ERISA") interference based on his complaint that he was terminated before his 401(k) balance reached $1,000 causing him a forced distribution and tax penalties. Dkt. 23 at 14. Reyna argues that Walmart should have matched his retirement contributions and its failure to do so interfered with his rights under ERISA.

ERISA's interference provision "makes it unlawful to discriminate against an ERISA plan beneficiary for exercising his rights or in order to interfere with his attainment of any right." *Matassarin v. Lynch*, 174 F.3d 549, 569 (5th Cir. 1999) (citing 29 U.S.C. § 1140). "A violation of [this section] requires specific intent to discriminate." *Id.* But Reyna's allegations are entirely conclusory and speculative. Other than his belief, he alleges no facts showing that he was entitled to matching contributions or that Walmart was aware of the balance of his 401(k) or had any intent to terminate his employment to prevent him from obtaining ERISA benefits.

Reyna also alleges that Walmart violated ERISA disclosure requirements by failing to "timely furnish required plan documents and disclosures upon request, entitling Plaintiff to statutory penalties and equitable relief." Dkt. 1 ¶ 99. The disclosure provision, 29 U.S.C. § 1132(c)(1), "requires the plan administrator to, among other things, timely comply with a participant or beneficiary's request for specified types of information." *Hanson v. Wilcox Veterinary Clinic PLLC*, 596 F. Supp. 3d 742, 747 (E.D. Tex. 2021).

Reyna's allegations again are conclusory. He does not state a plausible ERISA disclosure claim because he does not sufficiently allege facts showing that Walmart was the plan administrator (and Walmart denies that it was the plan administrator) or that he was denied any records. Moreover, Reyna's own allegations show that he received the documents he requested in November 2025. Dkt. 1 ¶ 36 (acknowledging receipt of "November 2025 update"). Reyna does not allege a plausible ERISA violation.

**6. Fraud-Based Claims**

Reyna asserts fraudulent inducement, negligent misrepresentation, and DTPA claims against Walmart based on the same set of alleged facts. Reyna alleges that at the time he was hired in December 2024, Walmart made false representations to him that "its Live Better U [LBU] program provided a pathway to professional credentials and career advancement." *Reyna II*, Dkt. 1-2 at 158. He contends that those representations were false because Walmart had restructured the LBU program "exclusively for internal Walmart job placement, eliminating general educational advancement." *Id.* Reyna alleges that these misrepresentations were why he "accepted below-market compensation." *Id.*

A plaintiff alleging fraud must also meet the heightened pleading requirements under Rule 9(b). *Stringer v. Remington Arms Co., L.L.C.*, 52 F.4th 660, 661 (5th Cir. 2022). Rule 9(b)

requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Rule 9(b) demands "the who, what, when, and where to be laid out before access to the discovery process is granted." *Elson v. Black*, 56 F.4th 1002, 1009 (5th Cir. 2023) (citation omitted). The plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* "Simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b). Rather, to proceed to discovery, plaintiffs must set forth specific facts supporting an inference of fraud." *Id.* (cleaned up).

Fraudulent inducement is a "species of common-law fraud" that "arises only in the context of a contract." *Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018). To allege fraudulent inducement, the plaintiff must allege that: "(1) the defendant made a material misrepresentation; (2) the defendant knew at the time that the representation was false or lacked knowledge of its truth; (3) the defendant intended that the plaintiff should rely or act on the misrepresentation; (4) the plaintiff relied on the misrepresentation; and (5) the plaintiff's reliance on the misrepresentation caused injury." *Int'l Bus. Machines Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 228 (Tex. 2019). To allege negligent misrepresentation, the plaintiff must allege (1) a representation made by the defendant in the course of its business or in a transaction in which it has a pecuniary interest that (2) conveyed "false information" for the guidance of others in their business, (3) was made without reasonable care or competence in obtaining or communicating the information, (4) was relied on by the plaintiff, and (5) caused pecuniary loss. *Boeing Co. v. Sw. Airlines Pilots Ass'n*, 716 S.W.3d 140, 151 n.19 (Tex. 2025), *cert. denied*, 146 S. Ct. 1616 (2026). To allege a violation of the DTPA, TEX. BUS. & COM. CODE § 17.46, Reyna must allege that (1) he is a consumer, (2) Walmart committed a false, misleading, or deceptive act, and (3) Walmart's

deceptive acts caused Reyna's damages. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768 (5th Cir. 2016).

All of Reyna's fraud-based claims must be pled with the particularity required under Rule 9(b). *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (holding that Rule 9(b)'s heightened pleading requirements applied because the plaintiff's "fraud and negligent misrepresentation claims are based on the same set of alleged facts"); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) ("It is well-established that claims alleging violations of the DTPA are subject to the requirements of Rule 9(b)."); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) ("Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b).").

Reyna does not satisfy Rule 9(b). He does not identify any individual who allegedly falsely represented to him that "its Live Better U [LBU] program provided a pathway to professional credentials and career advancement" or any specific promises about a "career advancement pathway." Instead, he makes vague references to "[i]n-store LUB signage and onboarding materials" that "reflected" alleged "representations" he does not describe. *Id.* at 158.

Reyna does not state the circumstances constituting fraud with particularity, Rule 9(b); "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent," *Elson*, 56 F.4th at 1009; or allege how his reliance on the alleged misrepresentations caused him to suffer any injury. He has not alleged a plausible fraudulent inducement, negligent misrepresentation, or DSTPA claim against Walmart.

Reyna's DTPA claim also fails because he does not qualify as a consumer under DTPA. The DTPA protects "consumers," defined as "an individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE § 17.45(4). "To qualify as a consumer, the plaintiff must have sought or acquired goods or services by purchase or lease, and those goods or services . . . must form the basis of the complaint." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768 (5th Cir. 2016) (citation omitted). Reyna was an employee of Walmart, not a consumer. *Gezu v. Charter Commc'ns*, 17 F.4th 547, 554 (5th Cir. 2021) ("As noted by the district court, 'the DTPA protects consumers' and 'Gezu was an employee of Charter, not a consumer.'").

Reyna argues that he qualifies as a DTPA consumer because he "enrolled in LBU as a student of educational services" and (2) purchased goods at Walmart as a retail customer. *Reyna II*, Dkt. 23 at 18. These allegations are insufficient because Reyna did not "purchase or lease" LBU program classes or benefits from Walmart. *Villarreal*, 814 F.3d at 768. And that he was once a retail customer at a Walmart store does not show that he was a DTPA consumer because those purchases do not "form the basis of the complaint." *Id.*

**7. Breach of Contract**

The essential elements of a breach of contract action are (1) existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff because of the breach. *Sugg v. Midwestern Univ.*, 105 F.4th 345, 352 (5th Cir. 2024). "A breach of contract . . . only occurs when a party fails or refuses to perform an act that it expressly promised to do." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014).

Reyna alleges that Walmart breached the parties' employment agreement by (1) misrepresenting the LBU program, (2) failing to designate him as a "match-eligible employee" on the day he was hired on December 22, 2024, and (3) terminating his employment before his 401(k) balance reached the minimum threshold of $1,000 to avoid a forced distribution. *Reyna II*, Dkt. 1-2 at 155, 164. To plead a breach of contract claim, "a plaintiff must identify a specific provision of the contract that was allegedly breached." *Doe 12 v. Baylor Univ.*, 336 F. Supp. 3d 763, 789 (W.D. Tex. 2018). Reyna does not allege breach of contract because he does not identify what provision of the employment agreement Walmart violated. *Id.*; *Innova Hosp*, 995 F. Supp. 2d at 602. Nor does Reyna allege that he performed all obligations under the agreement. *King v. Guild Mortg. Co. LLC*, No. 4:24-CV-00109, 2025 WL 777652, at *1 (E.D. Tex. Mar. 11, 2025). Reyna has not stated a plausible breach of contract claim.

**8. Quantum Meruit/Unjust Enrichment**

In the alternative to his breach of contract claim, Reyna asserts a "quantum meruit/unjust enrichment" claim against Walmart. Quantum meruit is an equitable theory "founded in the principle of unjust enrichment." *Texas Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d 424, 436 (Tex. 2023). To plead such a claim, the plaintiff must allege

> (1) valuable services were rendered or materials furnished; (2) those services were for the person sought to be charged; (3) those services and materials were accepted by the person sought to be charged, and were used and enjoyed by him; and (4) the person sought to be charged was reasonably notified that the plaintiff performing such services or furnishing such materials was expecting to be paid by the person sought to be charged.

*Molzan v. Bellagreen Holdings, L.L.C.*, 112 F.4th 323, 335-36 (5th Cir. 2024). A party cannot recover on an unjust enrichment claim when there is a valid contract which governs the "services or materials furnished." *Id.* at 336 (quoting *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 733 (Tex. 2018)).

Reyna alleges that "Walmart received the benefit of Plaintiff's services – including the ethics report identifying a financial control vulnerability – without providing full promised compensation and benefits." *Reyna II*, Dkt. 1-2 at 165. He contends that "Walmart would be unjustly enriched if permitted to retain that value without paying the matching contributions and LBU benefits promised at rehire." *Id.* He does not allege that Walmart "accepted" the ethics report or "used and enjoyed" it, or that he reasonably notified Walmart that he expected to be paid for providing the report, which is fatal to his claim. *Molzan*, 112 F.4th at 336.

**9. Tortious Interference with Contract**

Next, Reyna alleges that Walmart tortiously interfered with its own contract—the parties' employment agreement—by terminating him before he could accumulate $1,000 in his 401(k) so that he would have to take a mandatory distribution of those funds. *Reyna II*, Dkt. 1-2 at 163. He does not allege that Walmart interfered with any contract he had with a third party.

"Texas jurisprudence has long recognized that a party to a contract has a cause of action for tortious interference against any third person (a stranger to the contract) who wrongly induces another contracting party to breach the contract." *Holloway v. Skinner*, 898 S.W.2d 793, 794-95 (Tex. 1995). "By definition, the person who induces the breach cannot be a contracting party." *Id.* at 795. Thus, "a party cannot tortiously interfere with its own contract." *Four Bros. Boat Works v. Tesoro Petroleum Companies, Inc.*, 217 S.W.3d 653, 668 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). Because Walmart cannot be liable for tortiously interfering with its own contract, Reyna does not state a claim for tortious interference with a contract. *Four Bros. Boat Works*, 217 S.W.3d at 668.

**10. Unauthorized Computer Access**

Reyna also alleges that Walmart "remotely accessed, locked, and controlled a device in Plaintiff's physical possession" after he was terminated, in violation of the Stored Communications Act ("SCA"), 18 U.S.C. § 2701; the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; and Texas Penal Code § 33.02(a). Dkt. 23 at 19. Reyna alleges that the "employer-issued" device contained personal communications that "are not Walmart's property." *Id.*

The SCA "prohibits unauthorized access to certain electronic communications." *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 249-50 (5th Cir. 2017). The CFAA's computer trespass provision applies to anyone who "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information." 18 U.S.C. § 1030(a)(2)(C). Texas Penal Code § 33.02(a) prohibits "knowingly access[ing] a computer, computer network, or computer system without the effective consent of the owner." Section 143.001(a) creates private right of action for a violation of § 33.02(a).

Because Reyna admits that Walmart owned the device at issue and thus had "authorized access" to it, he does not plausibly plead a violation of any of these statutes. *See Alexander*, 875 F.3d at 250 (stating that SCA "prohibits unauthorized access to certain electronic communications"); *Griffin v. Pepsico, Inc.*, No. 1:26-CV-00160-ADA, 2026 WL 2450278, at *12 (W.D. Tex. July 20, 2026) (finding that plaintiff failed to state CFAA claim where she failed to allege that employer "accessed any computer without authorization"), *R. & R. adopted*, 2026 WL 2447960 (W.D. Tex. Aug. 19, 2026); TEX. PENAL CODE § 33.02(a) (prohibiting knowingly accessing a computer "without the effective consent of the owner").

Reyna's SCA and CFAA claims also fail because he does not allege that Walmart accessed any of Reyna's private communications or that he suffered any damages. *See LaBranche v. Apple,*

*Inc.*, No. CV 24-234, 2025 WL 1076894, at *4 (E.D. La. Jan. 10, 2025) (dismissing CFAA claim when plaintiff did not allege that he suffered any damages); *Borninski v. Williamson*, No. 3:02-CV-1014-L, 2005 WL 1206872, at *11 (N.D. Tex. May 17, 2005) (finding that there was no SCA violation when plaintiff did not show that any emails were intercepted or accessed). These allegations do not state a plausible claim for relief.

**11. Texas Payday Law**

The Texas Payday Law requires an employer to "pay in full an employee who is discharged from employment not later than the sixth day after the date the employee is discharged" and "not withhold or divert any part of an employee's wages." TEXAS LABOR CODE §§ 61.014(a), 61.018. In his First Amended Petition in *Reyna II*, Reyna cites these provisions and states: "Plaintiff demands records confirming the date and amount of all final wage and PTO payments. To the extent final wages were not timely or fully paid, Plaintiff seeks all penalties under that Chapter 61." *Reyna II*, Dkt. 1-2 at 165. Because Reyna does not actually allege that Walmart violated the Texas Payday Law, his claims are speculative and he does not state a plausible claim for relief. *Twombly*, 550 U.S. at 555.

**12. Negligence**

Reyna alleges that Walmart "breached duties of reasonable care by failing to properly secure, transfer, or resolve federally marked law-enforcement materials, creating foreseeable risk and harm." Dkt. 1 ¶ 98. Walmart argues that his Complaint alleges none of the elements of negligence, which are: (1) a legal duty on the part of the defendant, (2) breach of that duty, and (3) damages proximately resulting from that breach. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008). Reyna does not respond to these arguments and so has abandoned this claim. *McClelland v. Katy*

*Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023) ("[A] party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings.").

**13. Declaratory Relief**

Finally, Reyna attempts to bring a stand-alone claim for declaratory relief under the Declaratory Judgment Act. Dkt. 1 ¶ 96. But the Declaratory Judgment Act is a procedural device that "provides no independent cause of action." *Texas v. Ysleta del Sur Pueblo*, 367 F. Supp. 3d 596, 602 (W.D. Tex. 2019) (quoting *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 199 (2014)).

**C. Conclusion on Motion to Dismiss**

Reyna's lawsuits violate the Court's Pre-Filing Injunction, and he states no plausible claim for relief in either *Reyna I* or *Reyna II*. This Magistrate Judge recommends that Walmart's Motions to Dismiss should be granted and all claims in this consolidated action dismissed.

## III. Motion for Leave to Amend

Reyna seeks leave to amend his pleadings under Rule 15(a) and summarizes his proposed amendments. Dkt. 23 at 26-29.

Under Rule 15(a), the district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). In deciding whether to grant leave to amend, the court may consider factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, and futility of amendment." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court finds that amendment would be futile because Reyna's proposed amendments do not cure the deficiencies in his pleadings and still fail to state a plausible claim for relief. *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022) ("If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court was within its discretion to deny leave to amend."). In addition, Reyna has already amended his petition in *Reyna II* and been given many opportunities to defend his claims in both *Reyna I* and *Reyna II*. At a certain point, a plaintiff has pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The Court **DENIES** leave to amend the Complaint in *Reyna I* and First Amended Petition in *Reyna II*.

## IV. Motion to Strike

Walmart moves to strike Plaintiff's purported First Amended Complaint (Dkt. 54) in *Reyna I* because he did not obtain written permission from Walmart or leave of court to file an amended petition as required under Rule 15(a). Dkt. 57. The Court **GRANTS** Walmart's Motion to Strike Plaintiff's First Amended Complaint.

## V. Motion for Preliminary Injunction

In his Motion for Preliminary Injunction, Reyna again argues that he was wrongfully terminated in retaliation for his alleged disability and for filing the ethics report. He asks the Court to order Walmart to "reinstate health-benefit coverage for Plaintiff . . . or pay full COBRA costs retroactive to May 26, 2025, continuing through final judgment or settlement." Dkt. 58 at 5.

To be entitled to a preliminary injunction, Reyna must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if

the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Healthy Vision Ass'n v. Abbott*, 138 F.4th 385, 402 (5th Cir. 2025). Reyna does not satisfy the first and second prongs.

Reyna cannot show a substantial likelihood of success on the merits because "[i]t is well-settled that a movant cannot demonstrate irreparable injury via allegations of past conduct 'when there is no showing of any real or immediate threat that the plaintiff will be wronged again.'" *Lindsey v. Tex.*, No. 4:24-CV-01212-O, 2025 WL 2677885, at *3 (N.D. Tex. Aug. 29, 2025) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)), *R. & R. adopted*, 2025 WL 2677389 (N.D. Tex. Sept. 18, 2025). Because Reyna's allegations are based on Walmart's alleged wrongful conduct in the past, he cannot meet the substantial threat of irreparable injury requirement. The Court finds that Reyna is not entitled to a preliminary injunction.

## VI. Motion for Declaratory Judgment

Finally, Reyna asks the Court to issue a declaratory judgment that Walmart is liable for unlawful employment retaliation, ERISA violations, and ADA violations. Dkt. 25 at 9. As stated, Reyna alleges no plausible claim for relief and so is not entitled to declaratory relief.

## VII. Order

For these reasons, the Court:

(1) **DENIES** Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. 23 at 26);

(2) **GRANTS** Walmart's Motion to Strike Plaintiff's First Amended Complaint (Dkt. 57) and **STRIKES** the First Amended Complaint (Dkt. 54) from the record; and

(3) **ISSUES** the following Amended Pre-Filing Injunction against Reyna: "Plaintiff Joseph Anthony Reyna is **BARRED** from proceeding as a plaintiff in this Court—including in removed and transferred cases—without obtaining prior approval from a district or magistrate judge."

## VIII. Recommendation

This Magistrate Judge **RECOMMENDS** that Judge Davis:

(1) **GRANT** Defendant's Motion to Dismiss (Dkt. 22) and Motion to Dismiss Plaintiff's Non-Remanded Claims from *Reyna II* (Dkt. 83) and **DISMISS** all of Reyna's claims in this consolidated case **with prejudice** for failure to state a plausible claim for relief;

(2) **DENY** Plaintiff's Motion for Declaratory Judgment on Liability (Dkt. 25 in 1:26-cv-01400-ABD); and

(3) **DENY** Plaintiff's Motion for Preliminary Injunction (Dkt. 58).

## IX. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 30, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE