UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:25-cv-02159

**Reyna,**
*Plaintiff,*
v.
**Walmart Inc.,**
*Defendant.*

## ORDER

After reviewing all relevant matters of record in this case, including the report and recommendation of the United States Magistrate Judge (ECF No. 91)[1] and Plaintiff Joseph Anthony Reyna's objections, the undersigned district judge is of the opinion that the analysis and recommendation of the Magistrate Judge are correct and Reyna's objections are overruled. The Court accordingly adopts the report and analysis of the United States Magistrate Judge and dismisses the consolidated cases with prejudice.

## ANALYSIS

Reyna timely objected to the Magistrate Judge's report and recommendation and filed a proposed amended complaint (ECF No. 95-1). As for Reyna's claims exclusive of his Americans with Disabilities Act ("ADA") discrimination claim and his negligent representation claim, the Court concludes on *de novo* review that the report and recommendation

[1] The above-captioned case was consolidated with case no. 1:26-cv-01400. Unless otherwise specified, references to ECF numbers refer to documents in case no. 1:25-cv-02159.

is correct and adopts its analysis. Those claims are dismissed with prejudice.

As for Reyna's ADA discrimination and negligent representation claims, the Court also agrees on *de novo* review with the recommendation to dismiss those claims with prejudice. Still, a few additional words are helpful to explain why dismissal is appropriate and to address Reyna's objections.

**A. ADA Discrimination**

Reyna has not stated a plausible claim for ADA discrimination. "To establish a prima facie discrimination claim under the ADA, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability." *Moss v. Harris County Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017) (alteration in original) (quoting *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014)).

For purposes of the ADA, a disability is "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1). A person is regarded as having such an impairment "if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *Id.* § 12102(3)(A).

An impairment is a disability "if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population[,]" but it "need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." 29 C.F.R. § 1630.2(j)(ii).

Major life activities include but are not limited to "[c]aring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working; and . . . [t]he operation of a major bodily function, including . . . [the] brain[.]" 29 C.F.R. § 1630.2(i).

The second element of an ADA discrimination claim requires the plaintiff "to show that he is qualified [for the job] under the ADA." *Moss*, 851 F.3d at 419. "A plaintiff can establish that he is 'qualified' by showing that 'either (1) [he] could perform the essential functions of the job in spite of [his] disability,' or '(2) that a reasonable accommodation of [his] disability would have enabled [him] to perform the essential functions of the job.'" *Id.* at 417 (alteration in original) (quoting *LHC Grp.*, 773 F.3d at 697). "A function is 'essential' if it bears 'more than a marginal relationship' to the employee's job." *LHC Grp.*, 773 F.3d at 697 (quoting *Chandler v. City of Dallas*, 2 F.3d 1385, 1393 (5th Cir.1993)).

After *de novo* review, the Court concludes, for the reasons stated in the Magistrate Judge's report and recommendation, that Reyna's allegations in his live complaints do not plausibly allege the first element. Moreover, although Reyna requests the Court reconsider his claims as presented in his proposed amended complaint and grant leave to replead, his proposed amended complaint would be futile. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (affirming a district court's order denying as futile a request for leave to amend raised in objections to a magistrate judge's report and recommendation).

Amendment would be futile because even assuming Reyna pled a qualifying disability, Reyna has not adequately pled that he is qualified for the job. "[T]here is general

consensus among courts, including ours, that regular worksite attendance is an essential function of most jobs." *Hayes v. GStek, Inc.*, 175 F.4th 603, 608 (5th Cir. 2026) (alteration in original) (quoting *Credeur v. Louisiana Through Off. of Att'y Gen.*, 860 F.3d 785, 793 (5th Cir. 2017)). Reyna's job included in-store duties such as "monitoring store cameras, frontline enforcement of return and refund-eligibility policies, and carrying out loss-prevention directives." Proposed Am. Compl. at ¶ 34.

Reyna was absent or tardy for at least six shifts and was terminated for violating Walmart's Attendance and Punctuality Policy. Proposed Am. Compl. at ¶¶ 22, 24. Reyna does not dispute that he was absent or tardy, nor allege that he requested an accommodation related to his disability. Because Reyna was not performing the essential functions of his job—arriving consistently and punctually—and did not plead facts "showing any available reasonable accommodations that would have enabled him to perform the essential functions of his job, he [did not] establish that he was qualified under the ADA at the time of his termination." *Moss*, 851 F.3d at 419; *Hypes on Behalf of Hypes v. First Com. Corp.*, 134 F.3d 721, 727 (5th Cir. 1998) (per curiam) (finding a plaintiff not qualified for a job when he could not be expected to have regular attendance even with a requested accommodation). Reyna's proposed amended complaint therefore fails to state a plausible claim for ADA discrimination.

### B. Negligent Misrepresentation

Reyna's proposed amended complaint also fails to state a claim for negligent misrepresentation under Texas law. "The negligent-misrepresentation elements are: (1) the defendant made a representation in the course of its business or in a transaction in which it has a pecuniary interest; (2) the representation conveyed 'false information' for the guidance of

others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Wal-Mart Stores, Inc. v. Xerox State & Loc. Sols., Inc.*, 663 S.W.3d 569, 582, n.55 (Tex. 2023) (citing *JPMorgan Chase Bank, N.A. v. Orca Assets G.P.*, 546 S.W.3d 648, 653-54 (Tex. 2018)).

Reyna did not plausibly plead the second, third, or fourth elements. Reyna alleges Walmart negligently misrepresented that it would pay for "100% of college tuition & books." Proposed Am. Compl. at ¶ 27. Reyna did not plead facts showing that these statements were false or that Walmart did not exercise reasonable care or competence in communicating them. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Reyna also did not suffer pecuniary loss by justifiably relying on Walmart's statements. Reyna owes $650.71 to Austin Community College ("ACC") and the U.S. Department of Education because he "did not continue attending his spring 2025 ACC classes" that he paid for with federal Pell Grant aid *before* he applied to work at Walmart. Proposed Am. Compl. at ¶ 30. Any expectation that Walmart would reimburse Reyna for classes he paid for before applying to Walmart and stopped attending once he began working at Walmart is not justifiable. Reyna's request to amend is therefore denied for futility.

* * *

The Court prospectively certifies that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). In support of this certification, the Court adopts and incorporates by reference the Magistrate Judge's report and recommendation. *See Baugh v. Taylor*, 117 F.3d 197, 202, and n.21 (5th Cir. 1997). Based on the

findings and recommendation, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam). If Reyna appeals, he may challenge this certification by filing a separate motion to proceed in forma pauperis on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; FED. R. APP. P. 24(a)(5).

## CONCLUSION

The Court adopts the report and analysis of the United States Magistrate Judge and orders as follows:

**1.** Walmart's motions to dismiss, ECF Nos. 22, 83, are GRANTED and Reyna's claims in these consolidated cases are dismissed with prejudice.

**2.** Reyna's motion for a preliminary injunction, ECF No. 58, is DENIED.

**3.** Reyna's motion for declaratory judgment, ECF No. 25 in case no. 1:26-cv-01400, is DENIED.

**4.** Reyna's motion for leave to file an amended complaint presented as part of his objections to the Magistrate Judge's report and recommendation, ECF No. 95, is DENIED.

**5.** Plaintiff Joseph Anthony Reyna is BARRED from proceeding as a plaintiff in this Court—including in removed and transferred cases—without obtaining prior approval from a district or magistrate judge.

*So ordered by the Court on October 21, 2026.*

ANDREW DAVIS
United States District Judge